## McCAFFERTY *a.* McCABE.

*Supreme Court, First District; Special Term,•December,* 1856.

### INJUNCTION.—MUNICIPAL CORPORATION.—CONTRACT.

The fact that a contractor employed by a municipal corporation to make improve- ments—*e. g.* to pave a street—is proceeding in violation of his contract, does not entitle an owner of real estate affected by the improvement, to an injunc- tion to restrain the contractor from proceeding unless in accordance with the contract.

Motion to dissolve a preliminary injunction.

This was an injunction suit brought by Patrick McCafferty against Hugh McCabe and the Mayor, &c., of the city of New- York. The facts were, that the corporation had determined that Forty-eighth street in the city of New-York should be paved; and in pursuance with the charter and the ordinance upon that subject, they had entered into a contract with the de- fendant, McCabe, to do the work in a specified manner. The

plaintiff was an owner of real property upon Forty-eighth street; and brought this suit, alleging that the defendant, McCabe, was not proceeding in accordance with his contract, and praying an injunction to restrain him from proceeding unless in compliance with the contract.

A temporary injunction had been granted, which defendants now moved to dissolve.

*Stillwell & Swain,* for the defendant McCabe.

*M. V. B. Wilcoxson,* for the defendants, the Mayor, &c.

*Beebe, Donohue & Dean,* for plaintiff.

DAVIES, J.—I am unable to perceive upon what principle this court can be called on to interfere in this case by injunction. The proper public body has made a contract, which it is not alleged is improper in any respect, to perform for the corporation certain work. It is not denied that this is all lawful, or that the work ought not to be done. But the plaintiff says the defendant is not doing the work in accordance with his contract, and asks this court to say that he shall only do it in conformity with its stipulations. An injunction has been issued in conformity with this prayer, and the defendant insists he has done, and always has been doing the work in conformity with the contract. If this injunction stands, it must be followed by a motion on the part of the plaintiff to punish the defendant for a contempt in violating it by not doing the work in conformity with the contract, while he alleges that he has not violated it, because the work has been done in accordance with the contract.

Such issues cannot be conveniently disposed of in this court, and would lead, in my judgment, to withdrawing from the appropriate public officers the inspection and supervision of the great amount of work done for the corporation. The plaintiff is not without adequate and full remedy. As a tax-payer he can obtain an injunction, if his premises are correct, against the corporation from paying the defendant any thing on account of his contract until he shall have fully complied with all its terms and provisions ; or he may, as an owner of property benefited by the improvement, and to be assessed by the corporation to reimburse the city treasury for its expense, obtain an injunction restraining them from making such an assessment, until the de-

fendant shall have fully complied with his contract. Either of these remedies are open to the plaintiff, and are, in my opinion, far more effective and proper than the one now sought.

I am satisfied the present injunction cannot be sustained, either on principle or authority, and that it must therefore be dissolved.